UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 3 BEES & ME INC., <br><br> Plaintiff, <br><br> -against- <br><br> BESPORTBLE, BRITENWAY, BYONEBYE, CLISPEED, CYFIE, DEERBB, FUNPA, GLOSSRISE, HELY CANCY, HOUSE UR HOME, LES YEU, LIBOBO TOYS, LIOOBO, LITTOLO, MARPPY, MARXIAO SHOP, NEPDOME, PANZISUN, RAINTOAD, ROOCHL, SEISSO, SQSYQZ, STONISHI, TOYANDONA, WAKAUTO, WE&ZHE, XISHEEP, AND 58BH, <br><br> Defendants. | **Civil Action No. 20-CV-5150 (LJL)** |

**[PROPOSED AMENDED] TEMPORARY RESTRAINING ORDER**

Upon the Declarations of Jill Kiplyn Gillenwater, dated June 30, 2020, and Oleg A. Mestechkin, dated July 8, 2020, along with exhibits and other evidence attached thereto, in support of Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order to show cause why a preliminary injunction should not issue; 3) an order authorizing alternative service and 4) an order authorizing expedited discovery against Defendants and Amazon.com, the Court makes the following findings of fact and conclusions of law:

**FACTUAL FINDINGS & CONCLUSIONS OF LAW**

1.  Plaintiff 3 Bees & Me Inc. is in the business of developing, marketing, selling and distributing toys for children of all ages, including for toddlers, under the "3 Bees & Me" brand, a trademark registered with the United States Patent and Trademark Office ("USPTO").

2.  Plaintiff began selling toys to consumers around September, 2015, through its fully interactive website, www.3beesandme.com and a storefront on the Amazon.com

1

marketplace.

3. Plaintiff is the owner by assignment of D 884,087 S, entitled "Bathtub Toy Fastener (the "'087 Patent"), which discloses a certain design for an apparatus to fasten bathtub toys, such as toy basketball hoops, to bathtub fixtures.

4. Plaintiff began selling bathtub basketball toys with fasteners embodying the design disclosed in the '087 Patent since September 17, 2017, on its website, www.3beesandme.com and since October 23, 2017 on its storefront on the Amazon.com marketplace.



5. Plaintiff alleges that since February 2019, Defendants have been manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, and selling through their Amazon Storefronts, the following bathtub toys which infringe the '087 Patent. (the "Infringing Products").

| Defendants' Infringing Designs | | |
|---|---|---|
| **(1) BESPORTBLE** | **(2) BRITENWAY** | **(3) BYONEBYE** |

| Defendants' Infringing Designs | | |
|---|---|---|
| **(4) CLISPEED** | **(5) CYFIE** | **(6) DEERBB** |
| **(7) FUNPA** | **(8) GLOSSRISE** | **(9) HOUSE UR HOME** |
| **(10) LES YEU** | **(11) LIBOBO TOYS** | **(12) LIOOBO** |
| **(13) LITTOLO** | **(14) MARPPY** | **(15) MARXIAO SHOP** |
| **(16) NEPDOME** | **(17) PANZISUN** | **(18) RAINTOAD** |
| **(19) ROOCHL** | **(20) SEISSO** | **(21) SQSYQZ** |
| **(22) STONISHI** | **(23) TOYANDONA** | **(24) WAKAUTO** |
| **(25) WE&ZHE** | **(26) XISHEEP** | **(27) 58BH** |
| **(28) HELY CANCY** | | |

6. Defendants are not, nor have they ever been, authorized distributors or licensees of the '087 Patent.

7. Plaintiff has established at this stage that this Court has personal jurisdiction over

3

Defendants Byonebye, Marppy, Littolo, Britenway and Cyfie under Civil Practice Law and Rules Section 302 (a)(1) because these Defendants operate Amazon Storefronts through which customers in New York State can, and have purchased the infringing products.

8. Plaintiff has established a likelihood of success on its claim for patent infringement because it has shown that the accused products and disclosed designs are "substantially the same" in that "an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010).

9. As a result of these Defendants' infringements, Plaintiff is likely to suffer immediate and irreparable losses, damages and injuries before these Defendants can be heard in opposition, unless Plaintiffs' Application for *ex parte* relief is granted, including loss of revenue that may never be recovered, loss of market share, price erosion, harm to reputation, and loss of significant marketing opportunities.

10. The balance of potential harm to these Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with sales of its asserted dinosaur toys.

11. The public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to the '087 Patent, and to protect the public from being deceived and defrauded by these Defendants' sales of ~~inferior and infringing products.~~ the Infringing Products.

12. If these Defendants are given notice of this *ex parte* Application, they are likely to secret, conceal, transfer or otherwise dispose of their infringing products and the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing,

promoting, distributing, displaying, offering for sale and/or sale of the ~~infringing products.~~ Infringing Products.

13. Therefore, good cause exists for granting Plaintiff's request for an Order enjoining these Defendants and any other persons who are in active concert or participation with these Defendants who receive actual notice of this order by personal service or otherwise.

14. It typically takes Amazon.com, a minimum of five (5) days to comply with expedited requests for discovery. As such, the Court allows enough time for Plaintiff to serve Amazon.com with this Order, and for Amazon.com to comply with Paragraphs IV(B) and IV(C) of this Order, respectively, before requiring service on these Defendants.

15. If these Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiffs the records and documents relating to these Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of the ~~infringing products~~ Infringing Products. Therefore, Plaintiff has good cause to be granted expedited discovery.

16. Service on these Defendants via electronic means is reasonably calculated to result in proper notice to these Defendants, comports with the requirements of due process, and will expedite notice to these Defendants and expedite the relief requested by Plaintiff.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Application is hereby GRANTED as follows:

**I.  Temporary Restraining Order.**

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants Byonebye, Marppy, Littolo, Britenway and Cyfie are hereby restrained and enjoined from

engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction as referenced in Paragraph (II)(A) below:

1. Manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, or selling ~~infringing products, exemplary images of which are annexed as Exhibit A~~; or otherwise dealing in the Infringing Products;

2. Secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) infringing products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Internet Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of ~~infringing products~~; or otherwise dealing in the Infringing Products;

3. Effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Internet Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of ~~infringing products~~ the Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

4. Knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(l) through I(A)(3) above and I(B) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that pursuant to Federal Rule of Civil Procedure 65(d)(2), any persons who are in active concert or participation with the Defendants identified in Paragraph (I)(A) above who receives actual notice of this order by personal service or otherwise, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiffs' Application for a preliminary injunction as referenced in Paragraph (I)(A) above, or until further order of the Court.

II. **Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice.**

A. Defendants are hereby ORDERED to show cause before this Court in Courtroom of the United States District Court for the Southern District of New York at 500 Pearl Street/40

Foley Square, New York, New York on _____July 20_____ 2020 at __9:00 a.m.__ o'clock, or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

      B.      IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court by _____July 15_____, 2020, and served on Plaintiff's counsel by delivering copies thereof to the office of Mestechkin Law Group P.C., 1733 Sheepshead Bay Road, Suite 29, Brooklyn, New York, 11235. Plaintiff shall file any Reply papers on or before _____July 17_____, 2020.

      C.      IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in Paragraph II(A) above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

**III.**      **Order Authorizing Alternative Service by Electronic Means.**

      A.      IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if delivery is made of PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Application seeking this Order to Defendants' e-mail addresses identified by Amazon.com, Inc. pursuant to Paragraph IV(B).

      B.      IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants and Amazon.com, through the pendency of this action.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made on Defendants within five (5) days of the Third Party Service Providers' compliance with Paragraph IV(B) of this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order via electronic mail to Deana Ahn counsel for Amazon Pay, at deanaahn@dwt.com and amazonsubpoenas@dwt.com;

**IV.   Order Authorizing Expedited Discovery.**

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1. Within fourteen (14) days after receiving service of this Order, each Defendant identified in Paragraph (I)(A) shall serve upon Plaintiff's counsel a written report under oath providing:

    a) Their true name and physical address;

    b) The name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Internet Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

    c) The complete sales records for any and all sales of infringing products, including but not limited to number of units sold, the price per unit, total gross revenue received (in U.S. dollars) and the dates thereof;

    d) The account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

    e) The steps taken by each Defendant, or other person served to comply with Section I, above.

2. Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for

        the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

3. Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B.     IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, Amazon.com shall identify any and all of Defendants' User Accounts and Internet Storefronts, and provide Plaintiffs' counsel with a summary report containing account details for any and all User Accounts and Internet Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Internet Storefronts, contact information for Defendants (including, but not limited to, **mailing addresses and e-mail addresses**) and confirmation of said compliance with this Order.

C.     IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1. Within fourteen (14) days of receipt of service of this Order, Amazon.com shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Internet Storefronts, including, but not limited to, documents and records relating to:

    a) Any and all User Accounts and Defendants' Internet Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Internet Storefronts that Defendants have ever had and/or currently maintain with the Amazon.com that were not previously provided pursuant to Paragraph IV(B);

    b) The identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph IV(B);

      c)      The nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Internet Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Internet Storefronts; and

      d)      Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of infringing products.

## V. Security Bond

IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of Five Hundred Dollars ($500.00) with the Court which amount is determined to be adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VI. Sealing Order

IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's ex parte Application and the Declarations of Jill Kiplyn Gillenwater and Oleg A. Mestechkin in support thereof and exhibits attached thereto and this Order shall remain sealed until Amazon.com complies with Paragraph I(B) of this Order.

**SO ORDERED.**

SIGNED this __10__ day of __July_____, 2020. at 10:30 a.m.

_____
HONORABLE LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

10

*3-Bees & Me, Inc. v. Besportble et al.*,
**EXHIBIT A: LIST OF INFRINGING PRODUCTS**

| # | DEFENDANT | PRODUCT OFFERING | AMAZON ASIN |
|---|---|---|---|
| 1 | BRITENWAY | | B083PSNR92 |
| 2 | BYONEBYE | | B07MGFS4ZW |
| 3 | CYFIE | | B082FB1N8T |
| 4 | LITTOLO | | B07RT49VSS<br>B07RW8X1BY |
| 5 | MARPPY | | B07RR2LSKQ |