UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 3 BEES & ME INC.,<br><br>               Plaintiff,<br><br>   -against-<br><br>BESPORTBLE, BRITENWAY, BYONEBYE, CLISPEED, CYFIE, DEERBB, FUNPA, GLOSSRISE, HELY CANCY, HOUSE UR HOME, LES YEU, LIBOBO TOYS, LIOOBO, LITTOLO, MARPPY, MARXIAO SHOP, NEPDOME, PANZISUN, RAINTOAD, ROOCHL, SEISSO, SQSYQZ, STONISHI, TOYANDONA, WAKAUTO, WE&ZHE, XISHEEP, AND 58BH,<br><br>               Defendants. | Civil Action No. 20-CV-5150 (LJL) |

**PROPOSED PRELIMINARY INJUNCTION**

Upon the Declarations of Jill Kiplyn Gillenwater, sworn to on June 30, 2020, Oleg A. Mestechkin, sworn to on July 8, 2020, Wing K. Chiu, sworn to on July 27, 2020, the documents and evidence attached thereto, and upon the pleadings and proceedings heretofore had herein, in support of Plaintiff's application for a preliminary injunction, the Court makes the following findings of fact and conclusions of law:

**FACTUAL FINDINGS & CONCLUSIONS OF LAW**

1.     Plaintiff 3 Bees & Me Inc. is in the business of developing, marketing, selling and distributing toys for children of all ages, including for toddlers, under the "3 Bees & Me" brand, a trademark registered with the United States Patent and Trademark Office ("USPTO").

2.     Plaintiff began selling toys to consumers around September, 2015, through its fully interactive website, www.3beesandme.com and a storefront on the Amazon.com marketplace.

1

3.      Plaintiff is the owner by assignment of D 884,087 S, entitled "Bathtub Toy

Fastener (the "'087 Patent"), which discloses a certain design for an apparatus to fasten bathtub

toys, such as toy basketball hoops, to bathtub fixtures.

4.      Plaintiff began selling bathtub basketball toys with fasteners embodying the

design disclosed in the '087 Patent since September 17, 2017, on its website,

www.3beesandme.com and since October 23, 2017 on its storefront on the Amazon.com

marketplace.





5.      Plaintiff alleges that since February 2019, Defendant Cyfie has been

manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying,

and selling through their Amazon Storefronts, the following bathtub toys which infringe the '087

Patent (the "Infringing Products"), exemplary examples of which are set forth below and in

Exhibit A.



6.      Defendant Cyfie is not, nor has it ever been, authorized distributors or licensees of the '087 Patent.

7.      Plaintiff has established that this Court has personal jurisdiction over Defendant Cyfie under Civil Practice Law and Rules Section 302 (a)(1) because Defendant Cyfie operates an Amazon Storefront through which customers in New York State can, and have purchased the Infringing Products.

8.      Plaintiff has established a likelihood of success on its claim for patent infringement because it has shown that the accused products and disclosed designs are "substantially the same" in that "an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010).

9.      As a result of Defendant Cyfie's infringements, Plaintiff is likely to suffer immediate and irreparable losses, damages and injuries unless a preliminary injunction is granted, including loss of revenue that may never be recovered, loss of market share, price erosion, harm to reputation, and loss of significant marketing opportunities.

10.      The balance of potential harm to Defendant Cyfie of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and

3

reputation built up in and associated with sales of its asserted dinosaur toys.

11.     The public interest favors issuance of a preliminary injunction in order to protect Plaintiff's interests in and to the '087 Patent, and to protect the public from being deceived and defrauded by this Defendant's sales of the Infringing Products.

12.     The Court issued a Temporary Restraining Order against Defendant Cyfie on July 10, 2020 making these same findings (the "TRO").

13.     The Court ordered that Defendant Cyfie serve any opposition to Plaintiff's motion for entry of a preliminary injunction by July 15, 2020 and appear for a hearing on Plaintiff's motion on July 20, 2020. (TRO ¶ II.A & II.B.)

14.     The TRO warned Defendants that "failure to appear at the show cause hearing scheduled in Paragraph II(A) above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65". (TRO ¶ II.C.)

15.     The Court ordered that Plaintiff serve the TRO by electronic means on Defendant Cyfie within five days of identification of Cyfie's email address by Amazon.com. (TRO § III.C.)

16.     Plaintiff served the TRO on Defendant Cyfie on July 15, 2020 by electronic means, which means was authorized under the TRO and which service was timely under the TRO since Amazon.com identified Cyfie's email address on July 14, 2020.

17.     Defendant Cyfie did not interpose any opposition to Plaintiff's motion by July 15, 2020, did not appear for the hearing on Plaintiff's motion on July 20, 2020, or on any subsequent adjourned dates, and has not given the Court any basis to remove any of the restraints against it that were ordered in the TRO.

18.     Therefore, good cause exists for granting Plaintiff's motion for preliminary injunction enjoining Defendant Cyfie and any other persons who are in active concert or

participation with Defendant Cyfie who receives actual notice of this order by personal service or otherwise.

## <u>ORDER</u>

Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Application for a Preliminary Injunction is hereby GRANTED as follows:

**I.    Preliminary Injunction Order.**

A.    IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendant Cyfie is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the determination of this action, or until further order of the Court:

1.    Manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, or selling or otherwise dealing in the Infringing Products;

2.    Secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) infringing products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Internet Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of or otherwise dealing in the Infringing Products;

3.    Effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Internet Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of the Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

4.    Knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(l) through I(A)(3) above and I(B) below.

B.    IT IS HEREBY ORDERED, as sufficient cause has been shown, that pursuant to Federal Rule of Civil Procedure 65(d)(2), any persons who are in active concert or participation

with the Defendants identified in Paragraph (I)(A) above who receives actual notice of this order by personal service or otherwise, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the pending the determination of this action, or until further order of the Court.

**II.      Order Requiring Service of the Preliminary Injunction.**

A.      IT IS FURTHER ORDERED that service of this Preliminary Injunction by electronic means shall be made on Defendant Cyfie within five (5) days entry of this Order by the Court.

B.      IT IS FURTHER ORDERED that service of this Preliminary Injunction on Amazon.com be made via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Preliminary Injunction via electronic mail to Michelle King counsel for Amazon.com, at MichelleKing@dwt.com and amazonsubpoenas@dwt.com.


**SO ORDERED.**


SIGNED this ___31___ day of _____July_____, 2020.



_____
HONORABLE LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE