UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 3 BEES & ME INC.,<br><br>                              Plaintiff,<br><br>   -against-<br><br>BESPORTBLE, BRITENWAY, BYONEBYE, CLISPEED, CYFIE, DEERBB, FUNPA, GLOSSRISE, HELY CANCY, HOUSE UR HOME, LES YEU, LIBOBO TOYS, LIOOBO, LITTOLO, MARPPY, MARXIAO SHOP, NEPDOME, PANZISUN, RAINTOAD, ROOCHL, SEISSO, SQSYQZ, STONISHI, TOYANDONA, WAKAUTO, WE&ZHE, XISHEEP, AND 58BH,<br><br>                              Defendants. | **Civil Action No. 20-cv-5150 (LJL)**<br><br>**HON. LEWIS J. LIMAN** |

**[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER**

Upon the Preliminary Injunction Order dated July 31, 2020 (Dkt. No. 34), Plaintiff's Memorandum of Law dated December 7, 2020, the Declaration of Wing Keung Chiu dated December 7, 2020 with supporting exhibits, and upon the pleadings and proceedings heretofore had herein, in support of Plaintiff's application under Federal Rule of Civil Procedure 55(b)(2) for a default judgment and permanent injunction, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

**WHEREFORE**, this is an action under 35 U.S.C. § 271 for infringement of United States Patent No. D 884,087 S ("'087 Patent"), that was commenced on July 6, 2020 by way of Summons and Complaint and *ex parte* motion for entry of a temporary restraining order and preliminary injunction;

**WHEREFORE**, by order dated July 10, 2020, the Court allowed Plaintiff to serve Defendant Cyfie with the summons and complaint by electronic means (Dkt. No. 33);

1

**WHEREFORE**, on July 15, 2020, Plaintiff proceeded to serve the summons and complaint in this action on defendant Cyfie by email at Cyfie@sina.com (Dkt. No. 32);

**WHEREFORE**, Defendant Cyfie failed to answer or otherwise move with respect to the Complaint within the time permitted under Federal Rule of Civil Procedure 12;

**WHEREFORE**, Plaintiff moved for, and obtained, a Certificate of Default from the Clerk of the United States District Court for the Southern District of New York (Dkt. No. 42);

**WHEREFORE**, Plaintiff served on Defendant Cyfie, Plaintiff's Motion For Entry Of A Default Judgment And Permanent Injunction and supporting papers; and

**WHEREFORE**, Defendant failed to file a response to Plaintiff's moving papers or attend any hearings in relation to Plaintiff's motion, the Court hereby finds that Plaintiff has shown through all the papers and proceedings to date, the following:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Plaintiff 3 Bees & Me, Inc. is the owner by assignment of United States Patent No. D 884,087 S, entitled "Bathtub Toy Fastener (the "'087 Patent"), which discloses a design for an apparatus to fasten bathtub toys, such as toy basketball hoops, to bathtub fixtures.

2. Images of the '087 Patent are depicted below.



3. Plaintiff's '087 Patent is valid and enforceable.

4. Plaintiff began selling bathtub basketball toys with fasteners embodying the design disclosed in the '087 Patent since September 17, 2017, on its website,

www.3beesandme.com and since October 23, 2017 on its storefront on Amazon.com, including those designs depicted below.



5.      Defendant Cyfie has been manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, and selling through their Amazon Storefronts, the following bathtub toys which infringe the '087 Patent (the "Infringing Products"), exemplary examples of which are set forth below and in Exhibit A.



6.      Defendant Cyfie is not, nor has it ever been, authorized distributors or licensees of the '087 Patent.

7. Plaintiff has established that this Court has personal jurisdiction over Defendant Cyfie under Civil Practice Law and Rules Section 302 (a)(1) because Defendant Cyfie operates an Amazon Storefront through which customers in New York State can, and have purchased the Infringing Products.

8. Plaintiff has established its claim for patent infringement because it has shown that the accused products and disclosed designs are "substantially the same" in that "an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010).

9. As a result of Defendant Cyfie's infringement, Plaintiff is likely to suffer immediate and irreparable losses, damages and injuries unless a permanent injunction is granted, including loss of revenue that may never be recovered, loss of market share, price erosion, harm to reputation, and loss of significant marketing opportunities.

10. The balance of potential harm to Defendant Cyfie of being prevented from continuing to profit from their illegal and infringing activities if a permanent injunction is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with sales of its asserted dinosaur toys.

11. The public interest favors issuance of a permanent injunction in order to protect Plaintiff's interests in and to the '087 Patent, and to protect the public from being deceived and defrauded by this Defendant's sales of the Infringing Products.

12. Therefore, good cause exists to grant Plaintiff's motion for permanent injunction enjoining Defendant Cyfie and any other persons who are in active concert or participation with Defendant Cyfie who receives actual notice of this order by personal service or otherwise.

**ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Application for a Default Judgment and Permanent Injunction is hereby **GRANTED** as follows:

**I.     Defendant Cyfie's Liability.**

**IT IS HEREBY ORDERED** that a judgment of patent infringement under 35 U.S.C. § 271 is granted in favor of Plaintiff and against Defendant Cyfie based on Defendant's importing, marketing, selling and offering for sale toys ("Infringing Products") which infringe U.S. Patent No. D 884,087 S ("'087 Patent"). Examples of the Infringing Products are set forth in Exhibit A.

**II.    Permanent Injunction Order.**

A.     **IT IS HEREBY ORDERED**, sufficient cause having been shown, that Defendant Cyfie is hereby permanently restrained and enjoined from engaging in any of the following acts or omissions:

1. Manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, or selling or otherwise dealing in the Infringing Products;

2. Secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) infringing products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Internet Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of or otherwise dealing in the Infringing Products;

3. Effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Internet Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of the Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

    4.     Knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(l) through I(A)(3) above.

    B.     **IT IS HEREBY ORDERED**, sufficient cause having been shown, that pursuant to Federal Rule of Civil Procedure 65(d)(2), any persons who are in active concert or participation with Defendant who receives actual notice of this order by personal service or otherwise, are hereby restrained and enjoined from engaging in any of the following acts or omissions.

**III.**     **Order Requiring Service of the Permanent Injunction.**

    A.     **IT IS FURTHER ORDERED** that service of this Permanent Injunction Order by electronic means shall be made on Defendant Cyfie within ten (10) days entry of this Order by the Court.

    B.     **IT IS FURTHER ORDERED** that service of this Permanent Injunction Order on Amazon.com shall be made via (i) Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, and (ii) a PDF copy of this Permanent Injunction Order via electronic mail to Teri Novak for Amazon.com, at terinovak@dwt.com and amazonsubpoenas@dwt.com.

**SO ORDERED.**

SIGNED this __17__ day of __December__, 2020.

_____
HONORABLE LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

*3-Bees & Me, Inc. v. Besportble et al.*,
**EXHIBIT A: DEFENDANT CYFIE'S INFRINGING PRODUCTS
ASIN B082FB1N8T**

